J-S30041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAMIYELL VAUGHTER | |
| Appellant | No. 2404 EDA 2015 |

Appeal from the PCRA Order July 28, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0500732-1998

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 11, 2016**

Appellant Damiyell Vaughter ("Appellant")[1] appeals from the order of the Philadelphia County Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  After careful review, we affirm.

The PCRA court set forth the relevant facts and procedural history of this matter as follows:

> On July 10, 2001, a jury found [Appellant] guilty of First Degree Murder[2] and Conspiracy.[3]   On August 9, 2001,

---

[1] The trial court also refers to Appellant as "Damtyell Vaughter".  **See** Docket, CP-51-CR-0500732-1998; **see also** Trial Court's Pa.R.A.P. 1925(a) Opinion, filed October 5, 2015 ("1925(a) Opinion"), p. 1.

[2] 18 Pa.C.S. § 2502.

[3] 18 Pa.C.S. § 903.

[Appellant] was sentenced to life imprisonment. [Appellant] appealed the judgment to the Superior Court and it was affirmed on February 13, 2004. No petition for allowance of appeal in the Supreme Court was filed.

[Appellant] filed a timely *pro se* PCRA petition on December 22, 2004. Counsel was appointed and filed an amended petition as well as an advocate's brief in support of the amended petition. On September 13, 2007, the PCRA court dismissed the petition. On May 4, 2011, the Superior Court affirmed the dismissal.[4] [Appellant] filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which, on November 10, 2011, denied allowance of appeal.

[Appellant] filed the current petition on November 21, 2014, his second PCRA petition. After conducting an extensive and exhaustive review of [Appellant's] filings, record, and applicable case law, th[e PCRA c]ourt found that [Appellant's] petition for post[-]conviction collateral relief was untimely filed.[5] Therefore, th[e PCRA c]ourt did not have jurisdiction to consider [Appellant's] PCRA petition. [Appellant] appealed the dismissal on August 3, 2015.

---

[4] The delay between the PCRA court's dismissal of the petition and this Court's affirmance of the dismissal was occasioned by the PCRA court improperly dismissing the petition based on **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988) (*en banc*). The PCRA court also incorrectly noted that the PCRA petition was Appellant's second or serial petition and that Appellant would therefore have to proceed *pro se* or with privately-retained counsel. Upon the discovery of these errors, on March 27, 2009, this Court remanded the matter to the PCRA court to allow Appellant to file a counseled appeal. On June 10, 2010, private counsel entered an appearance and began prosecuting the appeal on Appellant's behalf. **See Commonwealth v. Vaughter**, 2362 EDA 2009.

[5] On June 16, 2015, the PCRA court filed a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's second PCRA petition as untimely. Appellant filed a response to the Rule 907 notice on June 29, 2015. The PCRA court denied Appellant's second PCRA petition as untimely on July 28, 2015.

1925(a) Opinion, pp. 1-2 (original footnotes omitted). The PCRA court filed its 1925(a) Opinion on October 5, 2015.

Appellant raises the following issues for our review:

I. Whether the PCRA court erred, thereby declining to assume jurisdiction of the matter finding [Appellant's] [s]econd PCRA petition was untimely[ w]here [Appellant] filed his [s]econd PCRA petition within [s]ixty (60) days of learning the information from Mr. Dwyer[ and Appellant] acted with [d]ue [d]illigence as there was no conceivable way for [Appellant] to have discovered this evidence any sooner[?]

II. [Whether t]he lower [c]ourt erred in dismissing on timeliness grounds [Appellant's] amended PCRA petition, [i]n which he proved that the Commonwealth had failed to disclose the impeachment evidence of the prosecution[']s two primary witnesses['] criminal histories at trial, when the lower court failed to consider that: (a) [t]he only reason [Appellant] did not file his petition any sooner was because the [C]ommonwealth concealed the very evidence [Appellant] would need to prove the "After-Discovered Evidence" exception[] to the time bar; (b) Appellant timely filed the instant PCRA petition within sixty days of discovering the evidence the [C]ommonwealth failed to disclose; and (c) Appellant could not have discovered this evidence any sooner with the exercise of [d]ue [d]iligence because the law allowed him to rely on the representations of the [C]ommonwealth that there had been no criminal histories when later events proved that there had been[?]

Appellant's Brief, p. 3.

Our well-settled standard of review for orders denying PCRA relief is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

We must first consider the timeliness of the petition. "It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa.Super.2013); 42 Pa.C.S. § 9545(b)(1). "This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of a petition." *Hernandez*, 79 A.3d at 651 (*citing* *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa.2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). However, a facially untimely petition may be received where any of the PCRA's three limited exceptions to the time for filing the petition are met. *Hernandez*, 79 A.3d at 651 (footnote omitted). These exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).   As our Supreme Court has repeatedly stated, the petitioner maintains the burden of pleading and proving that one of these exceptions applies.   *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa.2008), *cert. denied*, 555 U.S. 916 (2008).   Further,

> [a] petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2).   In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame under section 9545(b)(2).

*Hernandez*, 79 A.3d at 651-652 (internal quotations omitted).

Finally, a heightened standard applies to a second or subsequent PCRA petition to avoid "serial requests for post-conviction relief." *Commonwealth v. Jette*, 23 A.3d 1032, 1043 (Pa.2011).   "A second or subsequent request for relief under the PCRA will not be entertained unless the petitioner presents a strong *prima facie* showing that a miscarriage of justice may have occurred." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1251 (Pa.2006).   Additionally, in a second or subsequent post-conviction proceeding, "all issues are waived except those which implicate a defendant's innocence or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred". *Commonwealth v. Williams*, 660 A.2d 614, 618 (Pa.Super.1995).

Here, because Appellant did not file a petition for allowance of appeal to our Supreme Court, Appellant's judgment of sentence became final on March 15, 2004, thirty days after this Court affirmed his convictions.[6]  **See** 42 Pa.C.S. § 9545(b)(3).  Accordingly, Appellant had until March 15, 2005 to timely file a PCRA petition.

Appellant filed the instant petition, his second, on November 21, 2015, over ten and one-half years after the expiration of his PCRA limitations period.  Accordingly, Appellant's petition is facially untimely.  Thus, he must plead and prove that his petition falls under one of the Section 9545 exceptions set forth in the PCRA.  **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

To overcome the PCRA's time bar, Appellant first asserts the unsworn affidavit of fellow prisoner Timothy Dwyer amounts to after-discovered evidence that provides him with a time-bar exception.  He is incorrect.

To be eligible for PCRA relief based on after-discovered evidence, a petitioner must plead and prove by a preponderance of the evidence "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced."  42 Pa.C.S. § 9543 (a)(2)(vi).  The petitioner

_____

[6] The actual 30th day fell on March 13, 2004, a Saturday.  Therefore, Appellant had until the following Monday, March 15, 2004, to timely file a petition for allowance of appeal in the Supreme Court.  **See** 1 Pa.C.S. § 1908.  Accordingly, Appellant's judgment of sentence became final on March 15, 2004.

must establish that: "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." **Commonwealth v. D'Amato**, 856 A.2d 802, 823 (Pa.2004) (*quoting* **Commonwealth v. Abu-Jamal**, 720 A.2d 79, 94 (Pa.1998)). The petitioner must explain why he could not have learned the after-discovered fact earlier with the exercise of due diligence. **Commonwealth v. Breakiron**, 781 A.2d 94, 98 (Pa.2001). Further, "[t]he focus of the exception is on the newly discovered *facts,* not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa.2008) (internal quotations, brackets, and citation omitted; emphasis in original).

In the affidavit in question, Mr. Dwyer describes a shooting he alleges he witnessed in February 1998. **See** Timothy Dwyer Affidavit, October 31, 2014 ("the Affidavit"), pp. 1-4. The Affidavit does not recount the date, time, or location of the shooting. **Id.** Instead, the Affidavit vaguely tells a tale of gunshots in February and concludes that Appellant was not the passenger in the car from which a driver and passenger emerged to commit the shooting. **Id.**

The trial court disposed of Appellant's attempt to invoke the after-discovered evidence time-bar exception based on the Affidavit as follows:

- 7 -

. . . [Appellant] fails to state what due diligence, if any, he took to secure Mr. Dwyer's testimony. According to the affidavit, [Appellant] and Mr. Dwyer know each other through prayer service at prison. It is unclear whether they knew each other prior to prison, or if they are from the same neighborhood. [Appellant] did not state what attempts, if any, he took to locate possible witnesses, including Mr. Dwyer, who may have seen him that night. [Appellant] does not explain why he could not have discovered the witness on an earlier date, through the use of a private investigator or otherwise. [Appellant], therefore, fails to establish he could not have obtained any alleged new facts at an earlier time with the exercise of due diligence.

1925(a) Opinion, pp. 3-4. The PCRA court did not err in determining the affidavit did not afford Appellant an exception to the PCRA time-bar.[7]

Appellant also claims his belated discovery of the criminal histories of certain Commonwealth witnesses provides an exception to the PCRA time-bar. Appellant is again incorrect.

The criminal histories of witnesses are a matter of public record. "[Our Supreme] Court has addressed the meaning of 'facts' as that term is employed in Section 9545(b)(1)(ii) and held that, to constitute such 'facts,' the information may not be part of the public record." *Commonwealth v. Edmiston*, 65 A.3d 339, 352 (Pa.2013). As such, the criminal histories

_____

[7] Even if the Affidavit could be viewed as overcoming the PCRA's jurisdictional time limits, we agree with the Commonwealth's observation that the affidavit would not entitle Appellant to relief because it was not exculpatory. *See* Commonwealth's Brief, pp. 9-10. The affidavit does not provide the date, time, or location of the shooting described in the affidavit. *See* Affidavit, pp. 2-3. Instead, the affidavit merely states that Mr. Dwyer remembered he was present for what he believed was a shooting sometime in February. *Id.* at 3.

Appellant alleges to have recently discovered cannot form the basis of a newly discovered facts exception to the PCRA's time-bar.

Further, Appellant has not explained why he could not have discovered this information at the time of trial, or, even assuming prosecutorial misconduct, at any time in the more than a decade following his conviction.

The PCRA court did not err in determining Appellant's alleged discovery of the criminal histories of certain Commonwealth trial witnesses constituted an exception to the PCRA time-bar, and Appellant's second PCRA petition remains untimely.

Because Appellant filed the instant PCRA petition over ten years after the expiration of the PCRA limitations period and cannot avail himself of any time-bar exceptions, the PCRA court did not err in dismissing this petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2016